# TAB “1”

Case Number: CACE-17-004791 Division: 18
Filing # 5357292 E-Filed 03/10/2017 01:09:35 PM

RECEIVED
MAR 28 2017
FL Dept. of Corrections
Office of General Counsel

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JANE DOE,

Plaintiff,

vs.

CASE NO.:

accepted for FDC

FLORIDA DEPARTMENT OF CORRECTIONS, a Political Subdivision of the State of Florida, and ZACHARY BAILEY, Individually,

Defendants.

_______________________________/

Informed person served of contents
Date/Time:
Server Initials:
Server ID#:

## SUMMONS

**To: Florida Department of Corrections**

**By Serving: The Secretary of Corrections C/O General Counsel**
**2601 Blairstone Road**
**Tallahassee, FL 32399**

#214 11:41 am
Tyree Slade 3/28/17

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want to court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff's Attorney named below.

**BRADFORD M. COHEN, ESQ.**
**COHEN & MCMULLEN, P.A.**
**Attorneys for Plaintiff**
**1132 SE 3RD Avenue**
**Ft. Lauderdale, FL 33316**

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:**

**You are commanded to serve a copy of the following documents upon the above named Defendant, together with this Summons:**

1. **Complaint**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit: **BRADFORD M. COHEN, ESQ., COHEN & MCMULLEN, P.A.** whose address is: 1132 SE 3rd Avenue, Fort Lauderdale, FL 33316 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON MAR 10 2017

BRENDA D. FORMAN
As Clerk of said Court

By: ______________________
a Deputy Clerk

BRENDA D. FORMAN

Filing # 5357292 E-Filed 03/10/2017 01:09:35 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 17-4791

RECEIVED
MAR 28 2017
FL Dept. of Corrections
Office of General Counsel

JANE DOE,

Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS, a Political Subdivision of the State of Florida, and ZACHARY BAILEY, Individually,

Defendants.
_______________________________________/

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Jane Doe (the "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendants, the Florida Department of Corrections, a political subdivision of the State of Florida (the "DOC"), and Zachary Bailey ("P.O. Bailey"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages arising out of one or more violations of State and Federal law as detailed below. This is an action for deprivation and violation of civil rights guaranteed by the United Stated Constitution pursuant to 42 U.S.C. § 1983. This is also an action for common law tort claims against the DOC, a political subdivision of the State of Florida, and P.O. Bailey, individually.

2. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) and this Court has jurisdiction pursuant to Florida Constitution, Article V, Section 5(b) and Fla. Stat. § 26.012 (1987).

3. Venue for this action is proper in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, because:

(a) the causes of action alleged by the Plaintiff occurred in Broward County, Florida;

(b) the Defendant, P.O. Bailey, is a resident of Broward County, Florida; and

(c) the Defendant, DOC, operated in and throughout Broward County, Florida.

4. In connection with the acts, practices and violations alleged below, the Defendants have each, either directly or indirectly, violated the constitutional rights of the Plaintiff.

5. All conditions precedent to the bringing and maintenance of this action have been satisfied, performed or waived, including compliance with the notice requirements set by Florida Statute §768.28. Prior to the filing of this Complaint, all of the above-named Defendants, including the DOC, has been served notice of this claim pursuant to Florida Statue Chapter 768.28, via Certified Mail, Return Receipt requested.

6. The Plaintiff seeks an award of damage for permanent, physical, mental and emotional injuries, loss of enjoyment of life, court costs, and attorney's fees, as set forth in more detail below.

**PARTIES**

7. At all times material hereto, the Plaintiff was a resident of Broward County, Florida. Following the date of the allegations contained herein, the Plaintiff relocated to New Orleans, Louisiana.

8. At all times material hereto, the DOC was and is a political subdivision of the State of Florida, which conducts business throughout various locations within Broward County, Florida, and is otherwise sui juris.

9. At all times material hereto, Defendant, P.O. Bailey, was a DOC probation officer, acting as an agent of the Florida Department of Corrections, a political subdivision of the State of Florida, conducting his work in and throughout Broward County, Florida, and is otherwise sui juris.

10. At all times material hereto, and in all of the acts described herein, Defendants were acting under the color of State law and color of their authority as public officials and public employees of the State of Florida.

11. The wrongful actions of the Defendants constitute sexual assault and battery, false imprisonment, intentional infliction of emotional distress, and negligence under the laws of the State of Florida.

**ALLEGATIONS OF FACT**

12. At all times material hereto, the DOC employed P.O. Bailey as a probation officer and exercised jurisdiction and control over his activities and responsibilities as a probation officer.

13. At all times material hereto, P.O. Bailey was the Plaintiff's probation officer.

14. On March 11, 2015, while serving in his official capacity as a probation officer for the DOC, P.O. Bailey conducted an in-home inspection of the Plaintiff's residence.

15. While conducting a check of the Plaintiff's bedroom area, P.O. Bailey physically blocked the bedroom doorway preventing her from leaving the bedroom.

16. P.O. Bailey then grabbed the Plaintiff and put his hand down the Plaintiff's pants, thereby penetrating the Plaintiff's vagina, *sans* permission.

17. The Plaintiff expressed her lack of consent to these actions to P.O. Bailey but did not scream, for want of not scaring her children who were also present in the home.

18. Thereafter, the Plaintiff pushed P.O. Bailey away from her and P.O. Bailey subsequently left the residence.

19. The following day, on March 12, 2015, P.O. Bailey advised the Plaintiff that he needed to return to her residence for another official visit as part of his employment with the DOC.

20. When P.O. Bailey arrived on this day, he entered the residence and proceed to ask the Plaintiff for a massage.

21. The Plaintiff verbally objected to P.O. Bailey's request for a massage. Notwithstanding the Plaintiff's objection, P.O. Bailey removed his clothes and asked the Plaintiff to perform oral sex on him.

22. When the Plaintiff verbally objected to performing oral sex on P.O. Bailey, P.O. Bailey lowered his underwear, placed a condom on his penis, pushed the Plaintiff onto her bed, pulled her legs up, placed her underwear to the side, and penetrated her vagina for about three to four minutes, *sans* permission.

23. The Plaintiff asked P.O. Bailey to stop and expressly accused him of raping her, after which P.O. Bailey removed his penis from her vagina, threw the used condom on the floor, got dressed, and left the Plaintiff's residence.

24. P.O. Bailey committed the aforesaid sexual assault(s) while performing in-home inspections of the Plaintiff's residence, a function of his employment, obligations, and job duties as a Florida Department of Corrections probation officer.

25. As early as 2001, the Bureau of State Investigations became aware that P.O. Bailey, while serving in his official capacity as a probation officer for the DOC, made sexual advances towards at least one other female probationer, who did not accept his advances and was subsequently violated thereafter. The DOC failed to conduct any meaningful investigation into the allegations. If a meaningful investigation was conducted, it would have negated his future sexual predatory actions against the Plaintiff. A true and correct copy of the Bureau of State Investigations Case Summary is attached hereto and incorporated herein as "Exhibit A."

26. Upon information and belief, P.O. Bailey sexually harassed and perpetrated a similar act or acts thereafter against a fellow DOC employee prior to March 11, 2015.

27. Upon information and belief, P.O. Bailey has, on at least one occasion prior to March 11, 2015, utilized his position to violate the constitutional privacy rights of a citizen of the State of Florida. A true and correct copy of the Florida Department of Corrections Incident Report is attached hereto and incorporated herein as "Exhibit B."

28. Upon information and belief, P.O. Bailey sexually harassed and perpetrated a similar act or acts thereafter against a probationer's girlfriend. A true and correct copy of the Florida Department of Corrections Incident Report is attached hereto and incorporated herein as "Exhibit C."

29. Upon information and belief, P.O. Bailey had sexual contact with a probationer's daughter and threatened to violate her probationer mother if she denied his sexual advances.

30. Accordingly, the DOC did know or should have known of P.O. Bailey's propensity for sexual misconduct towards probationers and disregard towards the constitutional protections afforded to citizens of the State of Florida, and failed to take preventative action to protect the rights afforded to said citizens.

**COUNT I**
**NEGLIGENT SUPERVISION AND RETENTION AGAINST DEFENDANT, DOC**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

31. At all times material hereto, the Defendant, DOC, did employ agents, employees, officers, staff, administrators, representatives, and servants, and exercised jurisdiction and control over such agents, employees, officers, staff, administrators, representatives, and servants. Defendant, DOC, determined the qualifications and lack of qualifications of the above-referenced personnel relating to the duties and responsibilities created and/or devised by said Defendant, DOC.

32. At all times material hereto, the Defendant, DOC, through its agents, officers and employees, owed a duty to protect others from the result of their negligent hiring, supervision and/or retention of P.O. Bailey and the foreseeable zone of risk to Plaintiff and others created by P.O. Bailey's status as an employee and probation officer with the DOC.

33. Defendant, DOC, and its employees and/or agents breached their duty of reasonable care to the Plaintiff, in one or more of the following ways:

(a) by failing to properly investigate prior complaints and/or claims of misconduct against Defendant, P.O. Bailey;

(b) by failing to adequately discipline Defendant, P.O. Bailey, in relation to prior complaints and/or claims of misconduct against him;

(c) by failing to provide adequate supervision and discipline for officers such that they would have sufficient guidance and disciplinary measures imposed by their superiors, so as to ensure that they would follow protocols, rules, regulations, and policies governing performance of their duties, including the injuries sustained by the Plaintiff;

(d) by failing to establish or effectively enforce sufficient protocols, rules, regulations and policies governing performance of officers' duties, so as to ensure that they would perform said duties, in a manner that was appropriate including those affecting the Plaintiff;

(e) by failing to terminate Defendant, P.O. Bailey, prior to March 11, 2015;

(f) in other respects not now known to Plaintiff but which may become known to her prior to or at the time of trial; and

(g) defendant is vicariously liable for the negligence of its employee P.O. Bailey. This count is pled in the alternative to other counts contained herein alleging intentional or wanton conduct on the part of P.O. Bailey.

34. At all times material hereto, Defendant, DOC, knew, or reasonably should have known, that Defendants, DOC and P.O. Bailey, were engaging in the unlawful behavior described herein above.

35. At all times material hereto, Defendant, DOC, knew, or reasonably should have known, that the conduct, acts, and the failure to act, of any supervisors, agents and employees as described above, violated Plaintiff's rights under federal, state and municipal statutes, codes and ordinances.

36. At all times material hereto, Defendant, DOC, knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described above, would and did proximately result in physical and emotional harm to the Plaintiff including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

37. At all times material hereto, Defendant, DOC, knew, or in the exercise of reasonable care should have known, that unless Defendant, DOC, intervened to protect the Plaintiff and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant, P.O. Bailey and/or its supervisors, agents or employees as alleged above, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiff to physical and emotional distress.

38. At all times material hereto, Defendant, DOC, knew, or in the exercise of reasonable care should have known, that unless it intervened to protect the Plaintiff and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant, P.O. Bailey, and/or its employees, and that Defendant, DOC's failure to so protect, supervise, train, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

39. At all times material hereto, Defendant, DOC, had the power, ability, authority, and duty to so intervene, supervise, train, prohibit, control, regulate, discipline, and/or penalize the conduct of Defendant, P.O. Bailey, and/or its supervisors, agents or employees as described herein above.

40. Despite said knowledge, power, and duty, Defendant, DOC, negligently failed to act so as to prevent, supervise, train, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect the Plaintiff.

41. As a direct and proximate result of the failure of Defendant, DOC, to protect the Plaintiff and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of any supervisors, agents or employees as alleged above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

42. At all times material hereto, the failure of Defendant, DOC, to protect the Plaintiff and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of any supervisors, agents or employees violated Plaintiff's rights under federal, state, and municipal statutes, codes and ordinances.

43. As a direct and proximate result of the aforesaid negligence of the Defendant, DOC, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

44. In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, psychological and emotional injuries, loss of capacity for the enjoyment of life, and may be further compelled to expend sums of money for medical care and related treatment for those injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, DOC, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT II**
**CLAIM AGAINST DEFENDANT, DOC, UNDER 42 U.S.C. §1983**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

45. This claim is brought pursuant to 42 U.S.C. §1983, for violations of the Eighth Amendment to the United States Constitution.

46. Defendant, DOC, is a political subdivision of the State of Florida which employs probation officers and other staff. Defendant, DOC, is an institute within the meaning of 42 U.S.C. §1983.

47. At all times material hereto, Defendant, DOC, was responsible for the policies, procedures, customs and/or practices implemented and utilized, including the supervision, training, and evaluation of administrative and procedural guidelines, and conduct and control over probation officers, including Defendant, P.O. Bailey.

48. At all times material hereto, Defendant, DOC, by and through its officers and agents, was responsible for adopting and implementing the rules and regulations in regard to hiring, the act of hiring, screening, training, supervising, disciplining, retaining, and controlling and assigning probation officers and/or employees to their duties within the Florida Department of Corrections.

49. At all times material hereto, Defendant, DOC, was in charge of the supervision, discipline, training, and applicable guidelines governing probation officers, including but not limited to Defendant, P.O. Bailey, by virtue of their capacity as a municipal corporation and political subdivision of the State of Florida.

50. At all times material hereto, Defendant, DOC, through its officers and agents, was deliberately indifferent in that the department either expressly or impliedly acknowledged and assented to the failure to supervise, discipline, control, train, and/or otherwise screen employees of the Florida Department of Corrections, including but not limited to, Defendant, P.O. Bailey, for dangerous propensities, lack of training and/or skill or other characteristics making said officers unfit to perform their duties.

51. At all times material hereto, Defendant, DOC, knew, or in the exercise of reasonable care should have known, of Defendant, P.O. Bailey's dangerous propensities and willingness to violate Florida Department of Corrections' policies, procedures, rules, guidelines, customs and/or practices, as well as United States Federal and Florida state law.

52. At all times material hereto, Defendant, DOC, through its officers and agents, was deliberately indifferent to the rights and safety of the public, including the Plaintiff, in that despite said notice it failed to properly investigate these incidents and adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of any supervisors, agents, officers, or employees.

53. Defendant, DOC, maintained a system of inadequate review of incidents of abuse of lawful authority such as sexual misconduct towards probationers and coworkers, among other things, by officers, and complaints thereof, which has failed to identify misconduct by officers, and has failed to subject officers who engaged in such misconduct or improper acts to appropriate discipline, and/or supervision and/or retraining, and failure to adequately investigate and report said instances to the proper authority, to the extent that it has become the de facto policy and custom of the Defendant, DOC, to tolerate such acts by its officers.

54. Defendant, DOC'S deliberate indifference as set forth above caused a substantial risk of harm to the Plaintiff and other members of the public.

55. At all times material hereto, Defendant DOC, through its deliberate indifference, failed to ensure that the officers of the Florida Department of Corrections did not violate the constitutional and statutory rights of citizens of the State of Florida, including the Plaintiff, while said officers were acting under the color of law for the Florida Department of Corrections.

56. The Plaintiff was the victim of abuses of the lawful authority of Defendant, P.O. Bailey, and said illegal acts were the foreseeable result of the previously described acts, omissions, and policies or customs of Defendant, DOC, through its officers and agents.

57. The actions of the Defendant, P.O. Bailey, acting under the color of state law, deprived the Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, including but not limited to the right to be safe, secure in her person and property, to be free from injuries.

58. As a direct and proximate result of the aforesaid acts, omissions, and policies or customs of the Defendant, DOC, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

59. Due to said deprivation, the Defendant is liable to the Plaintiff for the bodily harm and mental anguish perpetrated on her.

60. A remedy for the violation of these rights is provided by 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against Defendant, DOC, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT III**
**CLAIM AGAINST DEFENDANT, P.O. BAILEY, UNDER 42 U.S.C. §1983**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

61. At all times material hereto, Defendant, P.O. Bailey, was an employee by and through Defendant, DOC, which is a municipal corporation and political subdivision of the State of Florida.

62. At all times material hereto, Defendant, P.O. Bailey, was acting under color of state and federal law. Defendant, P.O. Bailey, is being sued in his individual capacity and as an employee of the Florida Department of Corrections.

63. While Defendant, P.O. Bailey, was acting under the color of state and federal law as a probation officer with the Florida Department of Corrections, he subjected the Plaintiff to the deprivation of rights and privileges secured to her under the Fourth and Fourteenth Amendments to the United States Constitution.

64. The actions and conduct of Defendant, P.O. Bailey, violated the rights of the Plaintiff under the United States Constitution. Defendant, P.O. Bailey, intentionally violated the bodily integrity of the Plaintiff and caused her to be illegally detained.

65. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

66. Due to said deprivation, the Defendant is liable to the Plaintiff for the bodily harm and mental anguish perpetrated on her.

67. A remedy for the violation of these rights is provided by 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT IV**
**CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR ASSAULT**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

68. Defendant, P.O. Bailey, with force and against the consent of the Plaintiff, sexually assaulted the Plaintiff, and when doing so intended to cause and did cause Plaintiff to suffer apprehension of immediate harmful contact.

69. In committing the sexual assault on the Plaintiff, Defendant, P.O. Bailey acted brutally, willfully, maliciously, and without any excuse or justification. Defendant, P.O. Bailey, callously and recklessly, by his actions, disregarded the safety of the Plaintiff.

70. The assault and battery on the Plaintiff was due to and a result of the negligent hiring, retention, supervision, insufficient training, and/or discipline of the Defendant, DOC, through its officers and agents, and the intentional, willful, and malicious conduct of Defendant, P.O. Bailey.

71. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT V**
**CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR BATTERY**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

72. Defendant, P.O. Bailey, with force and against the consent of the Plaintiff, sexually assaulted the Plaintiff, and when doing so intended to cause and did in fact cause harmful contact with the Plaintiff's person.

73. In committing the battery on the Plaintiff, Defendant, P.O. Bailey, acted brutally, willfully, wantonly, maliciously, and without any excuse or justification. Defendant, P.O. Bailey, callously and recklessly, by his actions, disregarded the safety of the Plaintiff.

74. The assault and battery on the Plaintiff was due to and a result of the negligent hiring, retention, supervision, insufficient training, and/or discipline of the Defendant, DOC, through its officers and agents, and the intentional, willful, and malicious conduct of Defendant, P.O. Bailey.

75. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT VI**
**CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR FALSE IMPRISONMENT**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

76. Defendant, P.O. Bailey, forcibly, by threat, imprisoned the Plaintiff without lawful authority and against her will, when he blocked her from leaving her bedroom.

77. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT VII**
**CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

78. Defendant, P.O. Bailey's conduct was extreme and outrageous and was intentional and/or done recklessly.

79. The above-mentioned acts were beyond the bounds of human decency, let alone the confines of the law, and were virtually certain to and did result in emotional distress to the Plaintiff.

80. As a result of Defendant, P.O. Bailey's conduct, Plaintiff experienced and continues to experience severe emotional distress resulting in bodily harm.

81. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, and the injuries caused thereby, as alleged above, the Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations and emotional distress, embarrassment, shame, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. The Plaintiff was prevented and will continue to be prevented from performing her daily activities and obtaining full enjoyment of life, and has incurred and will continue to incur expenses for medical, emotional, and mental health treatment.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT VIII**
**CLAIM AGAINST DEFENDANT, DOC, FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

82. At all times material hereto, the Defendant, DOC, did employ agents, employees, officers, staff, administrators, representatives, and servants, and exercised jurisdiction and control over such agents, employees, officers, staff, administrators, representatives, and servants. Defendant, DOC, determined the qualifications and lack of qualifications of the above-referenced personnel relating to the duties and responsibilities created and/or devised by said Defendant, DOC.

83. At all times material hereto, the Defendant, DOC, through its agents, officers and employees, owed a duty to protect others from the result of their negligent hiring, supervision and/or retention of P.O. Bailey and the foreseeable zone of risk to Plaintiff and others created by P.O. Bailey's status as an employee and probation officer with the DOC.

84. Defendant, P.O. Bailey, assaulted and committed sexual battery upon the Plaintiff and was enabled to do so only as a result of his employment with Defendant, DOC, as a probation officer.

85. Defendant, DOC, knew or should have known that their failure to exercise due care in the hiring, supervision, and/or retention of Defendant, P.O. Bailey, would cause severe emotional distress, as well as physical harm, to third parties, including the Plaintiff.

86. At all times material hereto, Defendant, P.O. Bailey, was acting within the scope of his authority and acting as an agent of Defendant, DOC, pursuant to § 768.28 and §948, Florida Statues, rendering the Defendant, DOC, liable.

87. As a result of the Defendant DOC's negligence, Plaintiff experienced and continues to experience severe emotional distress.

88. As a result of the above-described conduct, the Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations or emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, and was prevented and will continue to be prevented from performing her daily activities and obtaining full enjoyment of life, and has incurred and will continue to incur expenses for medical, emotional, and mental health treatment.

WHEREFORE, Plaintiff demands judgment against Defendant, DOC, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

**COUNT IX**
**CLAIM AGAINST DEFENDANT, DOC, FOR VICARIOUS LIABILITY**

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 30 as though fully set forth herein, and would further state:

89. At all times material hereto, the Defendant, DOC, acted by and through its agents, employees, and/or officers.

90. At all times material hereto, individuals employed by Defendant, DOC, acted within the course and scope of their employment with said Defendant.

91. As a direct and proximate result of the negligence of the agents, employees, and/or officers of the Defendant, DOC, the Plaintiff sustained injuries and damages, for which said Defendant is vicariously liable as a matter of law.

WHEREFORE, Plaintiff demands judgment against Defendant, DOC, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

## DEMAND FOR JURY TRIAL

Pursuant to Florida Stat. §51.011(3), and Florida Constitution, Art. 1, Section 22, Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that the foregoing document was electronically filed with the Clerk of the Court using the Florida Courts E-Filing Portal and that a true and correct copy of this document has been served electronically in compliance with Florida Rule of Judicial Administration 2.516(b)(1)(E) to all persons on the following Service List on March 10, 2017.

**COHEN & MCMULLEN, P.A.**
Counsel for Plaintiff
1132 SE 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656
Email: michael@floridajusticefirm.com
Secondary Email: service@floridajusticefirm.com

By: /S/ Bradford M. Cohen, Esq.
BRADFORD M. COHEN, ESQ.
Florida Bar Number: 118176
MICHAEL J. MCMULLEN, ESQ.
Florida Bar Number: 106109

# Bureau of State Investigations
## Case Summary
## Case Number: 01-4-1723

**Facility:** ANDREWS
**Class:** PROBATION ISSUE (MISC)

**Case Type:** D1 **Priority:**
**Special Category:**

**Assigned:** 10/19/01 **Incident Date:** 10/18/01 **Incident Time:** 4:00:00 PM
**Super Appv:** 11/19/01 **Cent Office Appv:** 11/19/01
**Distributed:** 11/19/01 **Addendum Pend:** No **Addend. Date:**
**Disp. Date:** 11/19/01

**Background Narrative:**
On 10/18/01, Essie Daies, Supervisor at the 17-4/Andrews Office received a call from Offender [redacted], who claimed that Officer Zachary Bailey had made sexual advances toward her. She indicated that he is accompanied by a black male from the 17-4 Office. She stated that she called because she does not know what to do, she doesn't want to be violated.

**Sustained:** No **Unsustained:** No **Exonerated:** No

**Disposition:**
There is no physical evidence to corroborate this allegation. The offender is in violation status. Based on the information, this case was downgraded from an A case to a D1.

**Inspector(s)**
DYBIEC, GREG

**Complainant(s)**
[redacted]

**Victim(s)**

**Subject(s)**
Bailey, Zachary T. (CPSO)

**Witness(es)**

EXHIBIT A

# Bureau of State Investigations
## Case Summary
## Case Number: 07-4-0281

**Facility:** FT. LAUDERDALE
**Class:** PROBATION ISSUE (MISC)

**Case Type:** A1 **Priority:**
**Special Category:**

| | | | | | |
|---|---|---|---|---|---|
| **Assigned:** | 1/30/07 | **Incident Date:** | 1/29/07 | **Incident Time:** | 12:00:00 PM |
| **Super Appv:** | 3/14/07 | **Cent Office Appv:** | 3/14/07 | | |
| **Distributed:** | 3/14/07 | **Addendum Pend:** | No | **Addend. Date:** | |
| **Disp. Date:** | 3/14/07 | | | | |

**Background Narrative:**
ON JANUARY 29, 2007, CIRCUIT ADMINISTRATOR G. CARY HILL RECEIVED A TELEPHONE CALL FROM A DEMODERICK HARRIS, EX-HUSBAND OF LAKEISHA MCCLOUD, SR. CLERK AT THE 17-5 OFFICE. MR. HARRIS ADVISED THAT MS. MCCLOUD USED HER POSITION WITH THE DEPARTMENT TO UNLAWFULLY RUN A RECORDS CHECK ON MR. HARRIS' EX-GIRL FRIEND, MS. LEWIS AND HIS BROTHER, AUNDRE HARRIS, IN RETALIATION FOR DATING MS. LEWIS. MR. HARRIS PROVIDED A COPY OF A D.A.V.I.D. PRINTOUT OF MS. LEWIS' DRIVING RECORD, HE REPORTEDLY FOUND IN MS. MCCLOUD'S RESIDENCE MR. HARRIS ALLEGES HE FIRST BROUGHT THIS INFORMATION TO DC'S ATTENTION, A FEW MONTHS AGO TO MS. MCCLOUD'S SUPERVISOR, VIRGINIA STRIGGLES-SINGLETON. HE RECEIVED NO FOLLOW-UP CALL. ACCORDING TO THE DEPARTMENT OF HIGHWAY SEFETY AND MOTOR VEHICLES, THE D.A.V.I.D. QUERRY RAN ON MS. LEWIS WAS PERFORMED BY SPECIALIST BAILEY ON 02/16/06. (Mins# 191969 jj)

**Sustained:** No **Unsustained:** No **Exonerated:** No

**Disposition:**
Per Supv. K. Harrell, this report is downgraded and closed; Officer Bailey denies that Ms. McCloud requested that he run the DAVID search on Mr. Harris. Ms. McCloud denies that she asked Officer Bailey to run the DAVID. Further, there is insufficient evidence to corroborate the allegation that the DAVID document was found in Ms. McCloudâ€™s residence. Even though the DAVID was in fact run under Officer Baileyâ€™s sign on code/clearance, there is insufficient evidence to corroborate the allegation that he ran the DAVID search for personal or non-departmental reasons.(KH)

**Inspector(s)**
RYDER, RICHARD

**Complainant(s)**
HILL, GEORGE C (CIRCUIT ADMINISTRATOR-DC)

**Victim(s)**

**Subject(s)**
MCCLOUD, LAKEISHA V (SENIOR CLERK)

EXHIBIT B

BAILEY, ZACHARY T (CORRECTIONAL PROBATION SPECIALIST)

**Witness(es)**

Harris, Demodrick (Civilian)

RECEIVED MAY 05 2015

2015/C17/0064

# FLORIDA DEPARTMENT OF CORRECTIONS
## COMMUNITY CORRECTIONS
## INCIDENT REPORT

| | | | |
|---|---|---|---|
| Reporting Officer: | Deborah A. Miller, CPSS | | |
| Incident Type: | Ethics Violation | | |
| Report Date: | May 5, 2015 | Report Time: | 1155 hours |
| Incident Date: | Not Specified | Incident Time: | Not Specified |
| Report Location: | 17-2, 3718-4 W. Oakland Park Blvd | Report Region: | Southern |
| Incident Location: | | | |

Injuries: N/A
STG/STI Involvement: N/A
Physical Evidence Recovered: N/A
Use of Force: N/A
Chemical Agents Used: N/A

| NAME | TITLE | BIRTH DATE | RACE | SEX | ID NUMBER |
|---|---|---|---|---|---|
| PARTICIPANT (S) | | | | | |
| Zachary Bailey | Former Officer | | B | M | Prior 07925 |
| SUBJECT (S) | | | | | |
| Donald Ray | Offender | 2/10/71 | W | M | B06692 |
| Shannel Martinez | Offender's Girlfriend | | W | F | |

| CONTRABAND RECOVERED | QUANTITY | UNIT OF MEASURE |
|---|---|---|
| | | |

Description of Incident:

Officer Soly Lichtenstein came to me with the following information:

On May 4, 2015, Donald Ray DC # B06692 reported to this officer as instructed. He is assigned to the Hudson Office and was given permission to travel to Broward County [redacted] and for a court hearing. He was accompanied by Shannel Martinez, his long time girlfriend. They were both taken to my office.
During the course of our conversation about his supervision, Ms. Martinez mentioned that Zachary Bailey, who supervised Donald Ray from 5/11/2010 until 2/10/2011, had approached her and had asked her for a date. She stated that she declined the proposition.
She further stated that Mr. Bailey had told her that he would violate Donald Ray's supervision if she did not go on a date with him. It is unclear if this statement made by Mr. Bailey was in conjunction with the first request for a date or at another occasion. Ms. Martinez stated that she chose to ignore the comment made by Mr. Bailey. She then mentioned that Donald Ray violated supervision, this violation was due to a missed curfew on 12/29/2010. The violation was legitimate but she was still concerned, at the time that Mr. Bailey could make the outcome of the violation more severe.

EXHIBIT C

Action Taken: I immediately notified Circuit Administrator Pam Poleszak of this information and was instructed to complete Incident Report.

| Deborah A. Miller, CPSS, 17-2 Broward South | [signature] | 5/5/15 |
|---|---|---|
| Reporting Officer's name, title, location | Signature | Date |

Supervisor's Comments: _____

| | | |
|---|---|---|
| | Supervisor's signature | Date |
| Circuit Administrator's Review: Notified ARD | [signature] | 5/6/15 |
| | Circuit Administrator's signature | Date |
| Regional Director's Review: | [signature] | 5/6/15 |
| | Regional Director's signature | Date |

DC3-225 (Effective 7/22/10)

Distribution: Original: Circuit Administrator
Copies: Supervisor
Reporting Officer

Incorporated by Reference in Rule 33-302.105, F.A.C.