Michael J. McMullen (SBN 106109) michael@floridajusticefirm.com
Bradford M. Cohen (SBN 118176) bmc@floridajusticefirm.com
COHEN & MCMULLEN, P.A.
1132 SE 3rd Avenue
Fort Lauderdale, FL 33316
Tel.: (954) 523-7774/Fax: (954) 523-2656

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

JANE DOE,

    Plaintiff,

v.

FLORIDA DEP'T OF CORRECTIONS,
a Political Subdivision of the State of Florida,
and ZACHARY BAILEY, individually,

    Defendant.
_____/

Case No.: 17-cv-60827/GAYLES

FIRST AMENDED COMPLAINT

Plaintiff, Jane Doe (the "Plaintiff"), alleges as follows.

## INTRODUCTION

1.     The Plaintiff filed her Complaint in this matter on March 10, 2017. See Compl.

2.     On August 10, 2017, United States Magistrate Judge Alicia M. Otazo-Reyes ("U.S.M.J. Otazo-Reyes") held a hearing on defendant, Florida Dep't of Corrections' (the "F.DoC" or the "DOC"), Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss"), ultimately entering an Order (the "Order") both granting the F.DoC's Motion to Dismiss without prejudice and granting the Plaintiff leave to amend Counts I,[1] II[2] and VIII[3] of her complaint. See Order at 1, Aug. 10, 2017.

---

[1] Count I of the Complaint alleged negligent supervision and retention against the F.DoC. See Compl. ¶¶ 31–44.
[2] Count II of the Complaint brought a claim against the F.DoC pursuant to 42 U.S.C. § 1983. See Compl. ¶¶ 45–60.

1

3.     The Plaintiff files this First Amended Complaint as to Counts I and II, hereby amending the Complaint only as to those counts.[4] At this time, Plaintiff voluntarily dismisses her claim for Negligent Infliction of Emotional Distress, which was pled as Count VIII to the original Complaint.

4.     U.S.M.J. Otazo-Reyes afforded the Plaintiff two weeks from the date of the Order to file an Amended Complaint. The Plaintiff, by and through the undersigned counsel, files this First Amended Complaint.

## PARTIES

5.     *Plaintiff*. At all times material hereto, the Plaintiff was a resident of Broward County, Florida. Subsequent to the occurrence of the incidents giving rise to the allegations raised both herein and in the Plaintiff's Complaint, the Plaintiff relocated to New Orleans, Louisiana, where she currently resides. The Plaintiff has standing to bring these actions because of the actual, concrete and particularized injuries she suffered, as alleged both in her Complaint and herein; and, a favorable decision of this Court would redress the Plaintiff's injuries. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (laying out the requirements for standing pursuant to Article III of the United States Constitution).

6.     *F.DoC*. At all times material hereto, the F.DoC was and is a political subdivision of the State of Florida, conducting business via various locations throughout Broward County, Florida, and is otherwise *sui juris*.

---

[3] Count VIII of the Complaint alleged negligent infliction of emotional distress against the F.DoC. See Compl. ¶¶ 82–88.

[4] The Plaintiff, as she details herein, continues to allege all other counts raised in her Complaint against the individual defendant aside from count VIII, as well as confirms that it has withdrawn the only other count against the F.DoC, Count IX for vicarious liability. See Compl. at ¶¶ 61–81, 89–91 (alleging Count III against defendant Zachary Bailey ("P.O. Bailey") under 42 U.S.C. § 1983, Count IV against P.O. Bailey for assault, Count V against P.O. Bailey for battery, Count VI against P.O. Bailey for false imprisonment, Count VII against P.O. Bailey for intentional infliction of emotional distress and Count IX against the F.DoC for vicarious liability); See Order at 1, Aug. 10, 2017 (confirming the Plaintiff's withdrawal of Count IX against the F.DoC for vicarious liability).

7. **P.O. Bailey**. At all times material hereto, P.O. Bailey was an F.DoC probation officer, acting as an agent of the F.DoC, conducted his work in and throughout Broward County, Florida, and is otherwise *sui juris*.

## JURISDICTION AND VENUE

8. *Jurisdiction*. This Court has jurisdiction over these actions pursuant to 28 U.S.C. §§ 1331 and 1343 because the action concerns a federal question, namely a claim brought under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

9. *Venue*. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (2), (c)(1) and (2), and (d).

10. All conditions precedent to the bringing and maintenance of this action have been satisfied, performed or waived, including compliance with the notice requirements set by Florida Statute § 768.28. Prior to the filing of this Complaint, the F.DoC was served notice of this claim pursuant to Florida Statue Chapter 768.28 via Certified Mail, Return Receipt requested.

## FACTS

11. At all times material hereto, the F.DoC employed P.O. Bailey as a probation officer and exercised jurisdiction and control over his activities and responsibilities as a probation officer.

12. At all times material hereto, P.O. Bailey was the Plaintiff's probation officer.

13. On March 11, 2015, and again on March 12, 2015, P.O. Bailey utilized his position and authority as a probation officer to gain access to the Plaintiff's home for the alleged purposes of conducting two in-home inspections, which probation officers are authorized to

perform. After gaining access to the Plaintiff's residence on the above-stated dates, P.O. Bailey proceeded to sexually assault the Plaintiff, as described *infra*.

14. On March 11, 2015, while inside of the Plaintiff's residence, P.O. Bailey advised the Plaintiff that he wanted to check her bedroom area. While both P.O. Bailey and the Plaintiff were inside of her bedroom, P.O. Bailey physically blocked the bedroom doorway, thereby preventing her from leaving the bedroom.

15. P.O. Bailey then grabbed the Plaintiff and put his hand down the Plaintiff's pants, thereafter penetrating the Plaintiff's vagina, *sans* permission.

16. The Plaintiff expressed her lack of consent to these actions to P.O. Bailey but did not scream, for want of not scaring her children, who were also present in the home.

17. Thereafter, the Plaintiff pushed P.O. Bailey away from her and P.O. Bailey subsequently left the residence.

18. The following day, on March 12, 2015, P.O. Bailey advised the Plaintiff that he needed to return to her residence for another official visit as part of his employment with the F.DoC.

19. When P.O. Bailey arrived on that day, he entered the residence and proceeded to ask the Plaintiff for a massage.

20. The Plaintiff verbally objected to P.O. Bailey's request for a massage. Notwithstanding the Plaintiff's objection, P.O. Bailey removed his clothes and asked the Plaintiff to perform oral sex on him.

21. When the Plaintiff verbally objected to performing oral sex on P.O. Bailey, P.O. Bailey lowered his underwear, placed a condom on his penis, pushed the Plaintiff onto her bed,

pulled her legs up, placed her underwear to the side, and penetrated her vagina for approximately three to four minutes, *sans* permission.

22. The Plaintiff asked P.O. Bailey to stop and expressly accused him of raping her, after which P.O. Bailey removed his penis from her vagina, threw the used condom on the floor, got dressed, and left the Plaintiff's residence.

23. P.O. Bailey committed the aforesaid sexual assaults after gaining access to the Plaintiff's home for the alleged purposes of performing in-home inspections of the Plaintiff's residence, a function of his employment, obligations, and job duties as an F.DoC probation officer.

24. As early as 2001, the Bureau of State Investigations became aware that P.O. Bailey, while serving in his official capacity as a probation officer for the F.DoC, made sexual advances towards at least one other female probationer, who did not accept his advances and was subsequently violated thereafter. A true and correct copy of the Bureau of State Investigations Case Summary is attached hereto and incorporated herein as "Exhibit A."

25. Upon information and belief, P.O. Bailey sexually harassed and perpetrated substantially similar acts to those alleged herein against fellow F.DoC employees and probationers prior to March 11, 2015.

26. Upon information and belief, P.O. Bailey has, on at least one occasion prior to March 11, 2015, utilized his position to violate the constitutional privacy rights of a citizen of the State of Florida. A true and correct copy of the Florida Department of Corrections Incident Report is attached hereto and incorporated herein as "Exhibit B."

27. Upon information and belief, P.O. Bailey sexually harassed and perpetrated a similar act or acts thereafter against a probationer's girlfriend. A true and correct copy of the

Florida Department of Corrections Incident Report is attached hereto and incorporated herein as "Exhibit C."

28. Upon information and belief, P.O. Bailey had sexual contact with a probationer's daughter and threatened to violate her probationer mother if she denied his sexual advances.

29. Accordingly, the F.DoC did know or should have known of P.O. Bailey's propensity for sexual misconduct towards probationers and disregard towards the constitutional protections afforded to citizens of the State of Florida, and failed to take preventative action to protect the rights afforded to said citizens.

## COUNT I
## NEGLIGENT SUPERVISION AND RETENTION AGAINST THE F.DoC

The Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 29 as though fully set forth herein, and further states that:

30. At all times material hereto, the F.DoC employed P.O. Bailey and exercised jurisdiction and control over P.O. Bailey, as it did all of its probation officers.

31. At all times material hereto, the F.DoC owed a duty to protect those probationers supervised by P.O. Bailey from the negligent supervision and retention of P.O. Bailey, and from the foreseeable zone of risk to the Plaintiff and other probationers created by P.O. Bailey's status as an employee and probation officer with the F.DoC.

32. In hiring, and subsequently supervising and deciding whether to continuously retain, P.O. Bailey and its other probation officers, the F.DoC, as all employers must when hiring, supervising, and deciding whether to continuously retain their employees, had to

determine if P.O. Bailey possessed the requisite skills and qualifications to adequately perform the duties and responsibilities of an F.DoC probation officer.[5]

33. As the F.DoC hired and continued to retain P.O. Bailey, it determined that P.O. Bailey possessed the adequate skills and qualifications to perform the duties and responsibilities of an F.DoC probation officer.

34. Over the course of P.O. Bailey's employment with the F.DoC, the F.DoC came to learn of allegations that P.O. Bailey engaged in conduct that is, in its nature, dangerous to members of the general public; specifically, to those members of the general public on probation whom P.O. Bailey supervised.

35. As P.O. Bailey is alleged to have engaged in improper conduct numerous times over the course of his career, the majority of which was reported to the F.DoC prior to the commencement of the Plaintiff's term of probation, he not only is alleged to have engaged in such conduct; indeed, the repetitive nature of the allegations also evidences corollary implicit allegations that P.O. Bailey, in addition, had a propensity to engage in such conduct.

36. Accordingly, the F.DoC knew, or reasonably should have known, that P.O. Bailey had engaged in, or had the propensity to engage in, the unlawful and unconstitutional behavior described herein prior to March 11, 2015.

37. As the allegations of P.O. Bailey having engaged in conduct dangerous to members of the general public were made directly to the F.DoC prior to the commencement of the Plaintiff's probation, the F.DoC had notice prior to the commencement of the Plaintiff's term of probation that P.O. Bailey was alleged to have acted, or in all probability would act or would have acted, in a manner dangerous to probationers.

---

[5] As this Court astutely noted, "[o]bviously, [P.O. Bailey] is an employee of the [F.DoC]. So he is subject to . . . supervision and retention by the [F.DoC]. That's a given." Hearing on Plaintiff's Motion to Dismiss Tr. 14:1–3, Aug. 10, 2017).

38. In light of these prior allegations, the F.DoC consciously retained P.O. Bailey through the dates on which he is alleged to have sexually violated the Plaintiff.

39. The F.DoC had the ability to control P.O. Bailey's employment to the extent of supervising and retaining him, such as to substantially reduce the probability of harm to other persons if the F.DoC terminated P.O. Bailey or adequately supervised him.

40. At all times material hereto, F.DoC had the authority to terminate P.O. Bailey's employment with F.DoC.

41. The Plaintiff was, in fact, injured when P.O. Bailey repeatedly sexually violated her, which should have been reasonably anticipated by the F.DoC based on prior allegations of misconduct by P.O. Bailey.

42. The F.DoC breached its duty of reasonable care to the Plaintiff by inadequately supervising and continuing to retain P.O. Bailey through March 11, 2015, even in light of the alleged prior misconduct.

43. As the F.DoC's negligent retention and supervision of P.O. Bailey were operational decisions, the F.DoC is not immune from liability.[6]

44. At all times material hereto, the F.DoC, knew, or reasonably should have known, that its negligent retention and supervision of P.O. Bailey would, and did, proximately result in physical and emotional harm to the Plaintiff including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

45. At all times material hereto, the F.DoC, knew, or in the exercise of reasonable care should have known, that, unless the F.DoC intervened to protect the Plaintiff by adequately

---

[6] As the F.DoC conceded, "if the allegations were as to how this person was actually supervised, or decisions on retaining him, that would not necessarily be a discretionary function." Hearing on Plaintiff's Motion to Dismiss Tr. 6:20–25, Aug. 10, 2017).

supervising or terminating P.O. Bailey, P.O. Bailey's conduct and acts would continue, thereby subjecting the Plaintiff and other probationers to physical and emotional distress.

46. As a direct and proximate result of the aforesaid negligent supervision and retention of P.O. Bailey by the F.DoC, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

47. In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, psychological and emotional injuries, loss of capacity for the enjoyment of life, and may be further compelled to expend sums of money for medical care and related treatment for those injuries.

WHEREFORE, Plaintiff demands judgment against the F.DoC, for damages together with costs, and trial by jury for all issues triable by right.

## COUNT II
## CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST THE F.DoC

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 29 as though fully set forth herein, and would further state:

48. This claim is brought pursuant to 42 U.S.C. § 1983 for violations of the Eighth Amendment to the United States Constitution, as the F.DoC caused the deprivation of the Plaintiff's constitutional rights by way of an unofficial persistent and wide-spread custom or practice so pervasive that such became tantamount to the functional equivalent of a formal policy.

49. The F.DoC is a political subdivision of the State of Florida which employs probation officers and other staff. Accordingly, the F.DoC is an institute within the meaning of 42 U.S.C. § 1983.

50. At all times material hereto, the F.DoC was responsible for the policies, procedures, customs and/or practices implemented and utilized; including, but not limited to, the supervision, training, and evaluation of administrative and procedural guidelines, as well as exercised oversight over the conduct and control of its probation officers, including P.O. Bailey.

51. At all times material hereto, the F.DoC, by and through its officers and agents, was responsible for adopting and implementing sufficient rules and regulations in regards to hiring, the act of hiring, screening, training, supervising, disciplining, retaining, controlling and assigning probation officers and/or employees to their duties within the Florida Department of Corrections.

52. At all times material hereto, the F.DoC was in charge of the supervision, discipline, training, and applicable guidelines governing probation officers, including, but not limited to, P.O. Bailey, by virtue of its capacity as a municipal corporation and political subdivision of the State of Florida.

53. Specifically, the F.DoC was in charge of assessing the legitimacy and weight of any allegations made by probationers against their probation officers.

54. The probationer-probation officer relationship, by its very nature, puts the probationer in a uniquely vulnerable situation.

55. The F.DoC maintained a system of inadequate review of allegations of abuse of lawful authority, such as sexual misconduct towards probationers by probation officers. Similarly, the F.DoC maintained a system of inadequate review of allegations of intra-

departmental sexual misconduct. The F.DoC failed to adequately investigate said instances. Accordingly, this became the persistent and widespread practice of the F.DoC, thereby becoming *de facto* policy and custom of the F.DoC.

56. The F.DoC failed to conduct meaningful investigations into allegations of misconduct as stated above. If meaningful investigations were conducted and reasonable actions subsequently taken, that would have reasonably precluded P.O. Bailey's future sexually predatory actions against the Plaintiff.

57. The F.DoC's deliberate indifference towards the constitutional rights of probationers, like the Plaintiff, and F.DoC employees caused a substantial risk of harm to the Plaintiff, F.DoC employees, and other members of the public.

58. At all times material hereto, the F.DoC, through its deliberate indifference, failed to protect the citizens of the state of Florida, including the Plaintiff, other probationers and F.DoC employees, from violations of their constitutional and statutory rights while probation officers were acting under the color of law for the F.DoC.

59. The Plaintiff was the victim of abuses of P.O. Bailey's lawful authority, and said illegal acts were the foreseeable result of the customs of the F.DoC as detailed herein.

60. By failing to adequately address allegations by probationers against their probation officers, as it did numerous times in regards to P.O. Bailey, the F.DoC tacitly authorized P.O. Bailey's and other probation officers' actions, and displayed deliberate indifference towards such misconduct.

61. In other words, it was extremely obvious to the F.DoC that its custom of conducting investigations of allegations against probation officers was likely to result in subsequent constitutional violations.

62. At least one prior incident alleged against P.O. Bailey was basically a carbon copy of the allegations by the Plaintiff, and as such is indisputably relevant to the Plaintiff's alleged deliberate indifference.

63. As a direct and proximate result of the aforesaid constitutional violations caused by the F.DoC's deficient policies or customs, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

64. The F.DoC is liable for the aforesaid damages.

65. A remedy for the violation of these rights is provided by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment against the F.DoC for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

## COUNT III
## CLAIM AGAINST DEFENDANT, P.O. BAILEY, UNDER 42 U.S.C. §1983

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 29 as though fully set forth herein, and would further state:

66. At all times material hereto, Defendant, P.O. Bailey, was an employee by and through Defendant, DOC, which is a municipal corporation and political subdivision of the State of Florida.

67. At all times material hereto, Defendant, P.O. Bailey, was acting under color of state and federal law. Defendant, P.O. Bailey, is being sued in his individual capacity and as an employee of the Florida Department of Corrections.

68. While Defendant, P.O. Bailey, was acting under the color of state and federal law as a probation officer with the Florida Department of Corrections, he subjected the Plaintiff to

the deprivation of rights and privileges secured to her under the Fourth and Fourteenth Amendments to the United States Constitution.

69. The actions and conduct of Defendant, P.O. Bailey, violated the rights of the Plaintiff under the United States Constitution. Defendant, P.O. Bailey, intentionally violated the bodily integrity of the Plaintiff and caused her to be illegally detained.

70. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

71. Due to said deprivation, the Defendant is liable to the Plaintiff for the bodily harm and mental anguish perpetrated on her.

72. A remedy for the violation of these rights is provided by 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

## COUNT IV
## CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR ASSAULT

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 29 as though fully set forth herein, and would further state:

73. Defendant, P.O. Bailey, with force and against the consent of the Plaintiff, sexually assaulted the Plaintiff, and when doing so intended to cause and did cause Plaintiff to suffer apprehension of immediate harmful contact.

74. In committing the sexual assault on the Plaintiff, Defendant, P.O. Bailey acted brutally, willfully, maliciously, and without any excuse or justification. Defendant, P.O. Bailey, callously and recklessly, by his actions, disregarded the safety of the Plaintiff.

75. The assault and battery on the Plaintiff was due to and a result of the negligent hiring, retention, supervision, insufficient training, and/or discipline of the Defendant, DOC, through its officers and agents, and the intentional, willful, and malicious conduct of Defendant, P.O. Bailey.

76. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

## COUNT V
## CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR BATTERY

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 29 as though fully set forth herein, and would further state:

77. Defendant, P.O. Bailey, with force and against the consent of the Plaintiff, sexually assaulted the Plaintiff, and when doing so intended to cause and did in fact cause harmful contact with the Plaintiff's person.

78. In committing the battery on the Plaintiff, Defendant, P.O. Bailey, acted brutally, willfully, wantonly, maliciously, and without any excuse or justification. Defendant, P.O. Bailey, callously and recklessly, by his actions, disregarded the safety of the Plaintiff.

79. The assault and battery on the Plaintiff was due to and a result of the negligent hiring, retention, supervision, insufficient training, and/or discipline of the Defendant, DOC, through its officers and agents, and the intentional, willful, and malicious conduct of Defendant, P.O. Bailey.

80. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

## COUNT VI
## CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR FALSE IMPRISONMENT

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 29 as though fully set forth herein, and would further state:

81. Defendant, P.O. Bailey, forcibly, by threat, imprisoned the Plaintiff without lawful authority and against her will, when he blocked her from leaving her bedroom.

82. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, the Plaintiff was sexually violated and suffered injury in and about her body, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered psychological and emotional injuries, pain, anguish, embarrassment, humiliation, and disgrace, and has lost the capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

## COUNT VII
## CLAIM AGAINST DEFENDANT, P.O. BAILEY, FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 29 as though fully set forth herein, and would further state:

83. Defendant, P.O. Bailey's conduct was extreme and outrageous and was intentional and/or done recklessly.

84. The above-mentioned acts were beyond the bounds of human decency, let alone the confines of the law, and were virtually certain to and did result in emotional distress to the Plaintiff.

85. As a result of Defendant, P.O. Bailey's conduct, Plaintiff experienced and continues to experience severe emotional distress resulting in bodily harm.

86. As a direct and proximate result of the aforesaid acts of the Defendant, P.O. Bailey, and the injuries caused thereby, as alleged above, the Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations and emotional distress, embarrassment, shame, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. The Plaintiff was prevented and will continue to be prevented from performing her daily activities and obtaining full enjoyment of life, and has incurred and will continue to incur expenses for medical, emotional, and mental health treatment.

WHEREFORE, Plaintiff demands judgment against Defendant, P.O. Bailey, for damages together with costs, attorneys' fees and trial by jury for all issues triable by right.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Florida Stat. §51.011(3), and Florida Constitution, Art. 1, Section 22, Plaintiff hereby demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that the foregoing document was electronically filed with the Clerk of the Court using the Florida Courts E-Filing Portal and that a true and correct copy of this document has been served electronically in compliance with Florida Rule of Judicial Administration 2.516(b)(1)(E) to all persons on the following Service List on August 24, 2017.

        **COHEN & MCMULLEN, P.A.**
        Counsel for Plaintiff
        1132 SE 3rd Avenue
        Fort Lauderdale, Florida 33316
        Telephone: (954) 523-7774
        Facsimile: (954) 523-2656
        Email: michael@floridajusticefirm.com
        Secondary Email: service@floridajusticefirm.com

        By:   /S/ Bradford M. Cohen, Esq.
            BRADFORD M. COHEN, ESQ.
            Florida Bar Number: 118176
            MICHAEL J. MCMULLEN, ESQ.
            Florida Bar Number: 106109